## R. B. WHEELER V. THE STATE.

No. 18836.   Delivered February 24, 1937.
Rehearing Denied April 14, 1937.

The opinion states the case.

*Sanders & McLeroy,* of Center, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of assault with intent to murder, and his punishment was assessed at confinement in the state penitentiary for a term of two years.

The testimony adduced by the State shows that on the afternoon of the 4th day of May appellant rode up to the house of Heber Eddins, the alleged injured party, and said to him, "You and your wife think you are better than I am. You don't think I can come up here on a G— d—— bugger, and run you and your wife off * * * I am going to run every d—— s—— o— b—— off of the Harris farm"; that about sundown the assaulted party again saw appellant riding along the road with a shotgun; that about 9:30 P. M. after Eddins and his wife had gone to sleep, they were suddenly aroused by the report of a gun and the falling of glass out of the window. An investigation revealed the fact that someone had shot through the window with a shotgun. Some of the shot struck Mrs. Eddins and some of it entered the bed, and also the wall on the opposite side of the room. The next day the officers discovered a number of human tracks in some brush a short distance from the house. The imprint of the heel on the ground showed some peculiar marks. Appellant's shoes were fitted into the tracks and found to fit perfectly. The heels of the shoes showed the same marks as the imprint in the tracks. The officers also found some wadding between the house and the bushes. The wadding fitted a twelve gauge shotgun. Appellant had and owned a twelve gauge shotgun which showed that it had been recently fired. Appellant did not testify but relied upon his plea of alibi which he supported by the testimony of his witnesses.

Appellant has a number of bills of exception in the record which we do not deem necessary to discuss in detail. We have

examined each of the bills of exception in some of which appellant complains of the action of the court in permitting the district attorney to propound leading questions to the State's witness, Ed Harris; in others he complains because the court permitted Harris to testify that sometime prior to the time of the alleged offense appellant came to the home of Harris and there cursed and abused the people who resided on the Harris place. Each of the bills are qualified by the court in which the court states that Ed Harris was an unwilling, reluctant, and hostile witness; that appellant had cursed and abused the people who resided on the Harris farm, of whom the assaulted party was one; that said testimony was admitted to show the state of mind and feeling of appellant towards the people residing on said farm. We think the bills as thus qualified fail to reflect any reversible error. Threats by the accused against a class of persons prima facie referable to the injured party, though his name is not mentioned, are admissible against the accused. See Hiles v. State, 73 Texas Crim. Rep., 17; Bridges v. State, 99 Texas Crim. Rep., 627 (629-630).

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant admits in his courteous motion for rehearing that we were correct in our opinion that the witness Ed Harris was an unwilling witness, and, therefore, subject to being asked leading questions by the State, but he insists that in addition to the mere asking of leading questions, that the questions were suggestive, and in and of themselves put before the jury facts which were hurtful and damaging and elicited hurtful and damaging testimony. In the light of the motion we have carefully gone over each of the bills of exceptions, and observe that all of same were qualified at length, and apparently with much care, by the trial judge, and his qualifications are without any exception thereto, and seem to us to fully take care of the propositions contained in appellant's motion for rehearing. We see no benefit from attempting to quote at length from these qualifications. We have

failed to find a single complaint on the part of appellant that does not appear to be satisfactorily explained and met in said qualified bills.

The motion for rehearing is overruled.

*Overruled.*